## PERSONS v. PERSONS.

(Circuit Court of Appeals, Eighth Circuit. November 12, 1900.)

### No. 1,363.

EVIDENCE—BILL OF SALE—IDENTIFICATION OF PROPERTY.

A bill of sale which describes certain notes and mortgages by naming the parties thereto, and giving their place of residence, and the county in which the mortgages are recorded, and which is in the possession of the grantee, is prima facie sufficient to identify the notes and mortgages, and to convey the title thereto, although it was not recorded until after the death of the grantor, and is admissible as evidence of the grantee's ownership.

In Error to the Circuit Court of the United States for the District of Minnesota.

Thomas Persons, now dead, was the father of the parties to this suit. Prior to his death he was the holder and owner of a note and mortgage for $1,800, executed by one Harvey E. Keene and wife. In 1892 he gave to his son Phineas P. Persons a general power of attorney to act for him concerning all the property and business he might have in the states of Minnesota and North Dakota. In 1897, Thomas, the father, assigned the mortgage in question by a written bill of sale to his son Simon E. Persons. The complaint alleges that after the assignment of the mortgage to Simon, and with full knowledge of that assignment, Phineas P., acting under cover of the authority conferred on him by the power of attorney executed by his father to him in 1892, collected the money due on the mortgage, and refused to account to Simon E. therefor. This action was brought at law to recover that money. The answer admits the execution of the Keene mortgage to Thomas Persons, and the assignment thereof by him to his son Simon, but alleges the assignment was made in trust for certain alleged purposes set out in the answer; and the answer also alleges that Thomas, the father, afterwards annulled and abrogated the assignment. Simon E., the defendant in error and plaintiff below, testified that the assignment of the mortgage to him by his father was absolute and unconditional, and made upon a valuable consideration, and imposed no trust on him whatever for any purpose, and that it was never annulled or revoked by his father. On the other hand, Phineas P., the plaintiff in error and defendant below, testified to the contrary, and that the assignment of the mortgage was made conditionally, and upon certain trusts, and, moreover, that it was afterwards annulled and revoked by the father. Under the charge of the court, to which no exception was taken, the jury found the issues in favor of the defendant in error, Simon E., and the defendant below removed the case into this court by writ of error.

Herman Winterer, Edward Winterer, W. E. Dodge, Rome G. Brown, and Charles S. Albert, for plaintiff in error.

J. N. Castle, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

This case confirms the truth of Solomon's proverb, "A brother offended is harder to be won than a strong city, and their contentions are like the bars of a castle." But two errors are assigned, and only one of them requires any consideration, and that was an objection to the introduction of the bill of sale in evidence, and is in these words: "Objected to as incompetent, irrelevant, and immaterial, and for the reason that on its face it does not describe anything, and for the further reason that it appears that the same was not recorded until subsequent to the death of Thomas Persons, and, as a matter of fact, not delivered at any time." The specific grounds of the objection, which are all we can notice, are: (1) "That on its face it does not describe anything;" (2) "that it appears the same was not recorded until subsequent to the death of Thomas Persons, and, as a matter of fact, not delivered at any time." The description of the mortgage in the bill of sale is: "The following personal property, to wit, real-estate mortgage given by H. E. Keene and wife of Barnes Co., North Dakota; also one given by C. C. Smith and wife. All of said mortgages are recorded in the county of Barnes, town of Valley City, North Dakota." The bill of sale named accurately the parties to the mortgage, the county and state of their residence, and the county in which the instrument was recorded. Prima facie, this was a good and sufficient description. It was not claimed the grantor ever held a mortgage executed to him by Keene and wife, other than the one in dispute. If there had been a controversy as to what mortgage was meant, parol testimony would have been admissible to identify it. In such cases it is a maxim of the law that that is certain which can be made certain. The failure to record the bill of sale does not affect its validity between the parties to it, or affect the title of the property conveyed by it; nor does the death of the grantor before the bill of sale is recorded affect its validity or the title of the property conveyed by it. Upon the face of the bill of sale, the plaintiff was the person entitled to the possession of it, and he had it in his actual possession, and offered it in evidence. These facts afforded prima facie evidence of its delivery, and entitled the plaintiff to put it in evidence. If, in the language of the objection, "as a matter of fact" the instrument had never been delivered, the burden rested on the defendant to prove that fact. The bare assertion of the fact, without any offer to prove its truth, would not justify the court in excluding the bill of sale on that ground. The judgment of the circuit court is affirmed.